## IN RE WILLIAM CARLE.

An order made by a court of criminal jurisdiction limiting the time of defendant's counsel in addressing the jury, is an order made in the exercise of its discretion, and a judge of such court will not be compelled by *mandamus* to allow an exception to such an order unless it is made to appear that there is reasonable ground to contend that, by such order, the defendant was practically deprived of the assistance of counsel which the constitution secures to him.

On rule to show cause why *mandamus* should not issue.

Argued at November Term, 1896, before Justices DEPUE, MAGIE and GUMMERE.

For the application, *John J. Crandall.*

The opinion of the court was delivered by

MAGIE, J. Application is made on behalf of William Carle for a rule requiring Judge James R. Hoagland, of Cumberland county, to show cause why a *mandamus* should not issue requiring him to allow, sign and seal an exception taken upon the trial of an indictment against Carle in the Court of Quarter Sessions.

The affidavits presented in support of the application show that, after the evidence was closed, the judge announced that counsel would be limited to fifteen minutes to sum up the case to the jury; that Carle's counsel protested that the time was too short, but proceeded to sum up until he was stopped

by the court at the close of the time limited; that he then prayed an exception (not in writing) " for the reason that he had not had proper time to discuss the evidence," which the judge declined to allow; that, two days after, the exception was presented to the judge in writing, and that he again refused to allow it.

The allowance of a bill of exceptions on the trial of indictments is not governed by the provisions of section 242 of the Practice act, as counsel have suggested, but by those of section 91 of the Criminal Procedure act, as amended by a supplement approved March 9th, 1877. *Gen. Stat., p.* 1144, § 121. By section 91 a judge is required to settle and sign and seal an exception to any decision made on the trial of any indictment to the prejudice or injury of the defendant. It does not require the exception to be " instantly " written, as is required by section 242 of the Practice act, nor provide for a subsequent settlement of the bill of exceptions when time has been allowed for its preparation, as is done by the supplement to the Practice act of March 23d, 1888. *Gen. Stat., p.* 2589, § 333. But the practice in this respect is substantially alike in both civil and criminal trials. If an exception is taken to any adverse decision and is plainly presented to and allowed by the court, a bill showing the exception may be afterward written out and sealed. *State* v. *Holmes,* 7 *Vroom* 62. So, if the court refuse to allow such an exception, the mandatory writ of this court may be used to require such allowance, although the bill showing the exception was not presented for the signature and seal of the judge immediately at the trial, provided that it was done within a reasonable time.

The fact, therefore, that the bill of exceptions in this case was not presented to the judge until the second day after the trial, will not prevent relator from obtaining the rule he applies for if the judge ought to have allowed and sealed the bill. As it was presented to him within a reasonable time, we are required to consider whether an exception to the court's order limiting the time of counsel will lie.

It is settled in this state that a court of criminal jurisdiction may limit the time of counsel to address the jury on the trial of an indictment, and that its order fixing the limit of time is made in the exercise of its discretion. In this court it is held that such an order is not reviewable on error. *Sullivan* v. *State*, 17 *Vroom* 446. If this decision remains unshaken, it is obvious that the judge was right in refusing to allow an exception in this case.

But it is contended that the Court of Errors, although it affirmed the judgment in the case last cited, did so upon grounds inconsistent with the decision in this court, the authority of which is thus shaken, and upon grounds which justified relator in asking, and required the judge to grant the exception in question. In the opinion of the Chancellor, it is declared that " it must necessarily rest in the discretion of the court in which the trial takes place, to limit the time to be occupied by counsel in addressing the jury, and unless that discretion is so exercised as practically to deny to the accused his constitutional right to have the assistance of counsel in his defence, it is not error." *Sullivan* v. *State*, 18 *Vroom* 151. From this it is argued that the Court of Errors has recognized that there may be a limiting of the time of counsel, which would " practically " deprive a defendant of the assistance of counsel and be erroneous, and that when a defendant conceives that such an erroneous order has been made, he may ask and require an exception.

Whether the interpretation thus put on the decision of the Court of Errors is correct or not, it is not necessary to inquire. Assuming its correctness, it does not follow that exception will lie to any order limiting the time of counsel because the defendant asserts that its effect is practically to abridge his constitutional right to the assistance of counsel. If so, every order limiting the time of counsel would be open to exception, which clearly was not intended by the Chancellor's opinion. If that opinion is properly construed in this contention of counsel, in my judgment the right to except to an order limiting the time of counsel is confined to such

cases as exhibit debatable ground for contention that the accused was, by the order, practically deprived of his counsel's assistance.

It follows that a judge ought not to be compelled by *mandamus* to seal such an exception unless the case shows reasonable ground for such a contention.

The case before us shows no such ground. The indictment is not before us, but it may be assumed to have charged Carle with some crime connected with the sale of intoxicating liquors. Four witnesses were examined by the state and six by Carle. Their evidence occupies a little over seven pages of broadly-spaced typewriting. Looking at the purport of their evidence, I cannot discover any ground for contention that, by the limit imposed upon Carle's counsel, he was practically deprived of the assistance of counsel.

For these reasons the rule applied for must be denied.